# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DAVID LEWIS TURNER,

    Plaintiff,

    v.

CORRECTIONS CORPORATION OF AMERICA,

    Defendant.

Civil Action No. 14-381 (JEB)

## MEMORANDUM OPINION

After a District of Columbia Superior Court judge ordered his release, Plaintiff David Lewis Turner alleges that he was overdetained at the Correctional Treatment Facility, a prison privately operated by Defendant Corrections Corporation of America. He thus brought this *pro se* suit against CCA in Superior Court alleging negligence, wrongful imprisonment, and violations of his civil and constitutional rights. Having removed the case to federal court, CCA now moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). As Turner's constitutional claim is insufficiently pled, the Court grants the Motion in part and remands the case to the Superior Court for adjudication of the remaining state-law claims.

## I.    Background

Plaintiff's one-paragraph Complaint, which the Court must presume true for purposes of this Motion, states, "During the date of October 18, 2011 until August 10, 2013 with reference to negligence [and] wrongful imprisonment, I remained detained beyond the date of release that was transparent according to documentation. Dismissal of accused crime on 4-22-2013 before the Honorable Judge Burgesses. The above institution held my person beyond release on

1

documentation, violating my constitutional and civil rights [*sic*]." Compl., ¶ 1. Turner seeks $10,000 in damages. Id. at 1.

This is not Turner's first effort to obtain relief from his alleged overdetention. In fact, Plaintiff has filed four other lawsuits as a *pro se* litigant, most in the Superior Court: one against the Sixth District Metropolitan Police Department (No. 14-424) and three against the U.S. Parole Commission (Nos. 14-448, 14-261, and 14-89). See Turner v. U.S. Parole Comm'n, 2014 WL 1346844, at *1 (D.D.C. Apr. 7, 2014). All cases that were not filed here have since been removed to this Court. Id. Two cases against the Parole Commission were subsequently dismissed without prejudice by this Court for Turner's failure to respond to the Court's instructions to amend his complaint with sufficient factual detail (Nos. 14-261 and 14-89) and one for his failure to exhaust administrative remedies under the Federal Torts Claim Act (No. 14-448). See Turner v. U.S. Parole Comm'n, 2014 WL 1284668, at *1 (D.D.C. Mar. 20, 2014); Turner v. U.S. Parole Comm'n, 2014 WL 962212, at *2 (D.D.C. Mar. 13, 2014); Turner v. U.S. Parole Comm'n, 2014 WL 1346844, at *1 (D.D.C. Apr. 7, 2014). The case against MPD remains pending.

The instant case names CCA, the private operator of the District's Central Treatment Facility, as the lone Defendant. See Compl. at 1. On April 4, 2014, having removed the case from Superior Court, CCA moved to dismiss. See ECF No. 7. The Court instructed Plaintiff to respond to this Motion and warned that failure to do so would result in the Motion's being granted as conceded. See ECF No. 8. Turner subsequently filed two Motions: Motion Contempt [*sic*] on April 28, 2014, and Motion to Suppress Defendants [*sic*] Evidence on April 29, 2014. See ECF Nos. 10, 11. In the former, he requested that the Court hold Defendant in contempt for orchestrating a legal defense for the prison from CCA's corporate headquarters in Tennessee.

See ECF 10 at 1. In the latter, although difficult to follow, Plaintiff seems to reiterate his position that the suit is against CCA in D.C., not the corporate office in Tennessee. See ECF No. 11 at 2. He attached a printout of his inmate-account summary showing a release date 43 days earlier than when he gained his freedom and a letter from the D.C. Office of Risk Management regarding his claims against the D.C. Department of Corrections. Id. at 5. Although the location of CCA's headquarters has no relevance here, the Court will nonetheless treat the pleadings and exhibits as an Opposition to CCA's Motion to Dismiss.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in the plaintiff's favor. Edwards v. Gray, No. 13-236, 2013 WL 6698618, at *3 (D.D.C. Dec. 20, 2013) (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). The notice-pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513-15 (2002)), and he or she must be given every favorable inference that may be drawn from the allegations of fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Id. at 555, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Though a

3

plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 556 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

**III.    Analysis**

Given that Turner is *pro se*, the Court must construe his Complaint with more liberality than it might accord a lawyer. Bearing such standard in mind, it is no stretch here for the Court to infer that he is bringing claims for negligence, wrongful imprisonment, and a violation of his constitutional rights by overdetention. CCA first argues that Plaintiff's failure to oppose its Motion to Dismiss should be taken as a concession. As the Court treats Turner's two "motions" as an opposition, however, this argument holds no water. On the merits, CCA contends that Turner's claims should not survive dismissal under Rule 12(b)(6). Because the Court dismisses the constitutional claim for insufficient pleading, thus depriving it of subject-matter jurisdiction, it will remand the case without reaching Plaintiff's state-law claims.

    A.    Violation of Constitutional Rights

Turner contends that he was detained at CTF beyond his release date and that such overdetention violated his constitutional rights. Title 42 U.S.C. § 1983 provides a vehicle for individuals to bring suit over violations of their constitutional rights in certain circumstances. To state a claim under § 1983, a plaintiff must allege both that the defendant deprived him of a right secured by the Constitution or laws of the United States and that it acted under color of state law. See Grissom v. District of Columbia, 853 F. Supp. 2d 118, 122 (D.D.C. 2012) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). It is likely that these two components of § 1983 are established here. See Barnes v. District of Columbia, 793 F. Supp. 2d 260, 280 (D.D.C. 2011)

4

(overdetention violates Fifth Amendment due-process rights); Moonblatt v. District of Columbia, 572 F. Supp. 2d 15, 24 (D.D.C. 2008) (CCA acts under color of state law).

When suing a municipality, however, a plaintiff also needs to allege that a government policy or custom caused the violation of his constitutional rights. See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (citing Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 691 (1978)). This is also true in suits against companies that perform services usually performed by the municipality, such as CCA. See Gabriel v. Corrections Corp. of America, 211 F. Supp. 2d 132, 137 (D.D.C. 2002) (§ 1983 claim against private corporation also requires proof of custom or policy that violated constitutional rights); Grissom, 853 F. Supp. 2d at 124 (§ 1983 claims against private companies are subject to same evidentiary requirements as those against municipalities). This is where the Complaint founders.

In order to succeed, Plaintiff must allege that a "municipal policy was the moving force behind the constitutional violation." Baker v. District of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (citing City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)) (internal quotation marks omitted). Examples include "the explicit setting of a policy by the government that violates the Constitution; the action of a policy maker within the government; the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become 'custom'; or the failure of the government to respond to a need . . . in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations." Id. (internal citations omitted). Pleading deliberate indifference, furthermore, requires a plaintiff to allege that corporate officers knew about the risk of a violation of constitutional rights and did nothing. See Smith v. Corrections Corp. of America, 674 F. Supp. 2d 201, 206 (D.D.C. 2009).

In the Complaint, Turner states only, "[T]he above institution held my person beyond release on documentation, violating my constitutional and civil rights [*sic*]." Compl. at 1. This is simply not enough. Not only does Plaintiff fail to allege the existence or operation of any policy that caused his prolonged incarceration, but he never even provides any cause for such overdetention. Nor does he plead any facts that support an inference that CCA was deliberately indifferent to the risk of a violation of his constitutional rights. See Smith, 674 F. Supp. 2d at 206. Plaintiff has not, for example, alleged that CCA was aware of the possibility of overdetention, but decided to do nothing or that it failed to adequately train or supervise its employees. See Connick, 131 S. Ct. at 1360. Even if CCA acted improperly in regard to Turner's release, that injury alone is insufficient to create § 1983 liability for the corporation. Because there are no allegations of an unconstitutional CCA policy or the company's deliberate indifference, the Court finds that Turner has insufficiently pled his § 1983 claim, which will be dismissed without prejudice.

B. Supplemental Jurisdiction

This Court, furthermore, lacks independent subject-matter jurisdiction over the remaining state claims, and it will decline to exercise supplemental jurisdiction. Federal district courts are given supplemental (or "pendent") jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction. 28 U.S.C. § 1367(a). By the same token, they "may decline to exercise supplemental jurisdiction over [such] claim[s] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision of whether to exercise supplemental jurisdiction where a court has dismissed all federal claims is left to the court's discretion as "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers

of Am. v. Gibbs, 383 U.S. 715, 726 (1966), quoted in Shekoyan v. Sibley Int'l, 409 F.3d 414, 423 (D.C. Cir. 2005). When deciding whether to exercise supplemental jurisdiction over state claims, federal courts should consider "judicial economy, convenience, fairness, and comity." Shekoyan, 409 F.3d at 424. When all federal claims are eliminated before trial, however, "the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1267 (D.C. Cir. 1995) (finding the discretion set out in Carnegie-Mellon Univ. "unaffected by the subsequent enactment of 28 U.S.C. § 1367(d), in the Judicial Improvements Act of 1990").

Here, the factors weigh against retention of the case. This case has not progressed in federal court past Defendant's Motion to Dismiss, and the Court has developed no particular familiarity with the issues presented. Cf. Schuler v. PricewaterhouseCoopers, LLP, 595 F.3d 370, 378-79 (D.C. Cir. 2010) (finding that district court appropriately retained pendent jurisdiction over state claims where it had "invested time and resources" in the case). Plaintiff, moreover, will not be prejudiced because he originally filed this case in D.C. Superior Court and apparently prefers that forum. The Court can thus conceive of no undue inconvenience or unfairness to the litigants that would result from a decision not to exercise supplemental jurisdiction over the remaining claims. Such a ruling, the Court should note, does not mean Plaintiff has not been grievously wronged here, should his allegations be true. It only means that the Court has no jurisdiction to address them.

## IV. Conclusion

In the absence of any source of jurisdiction, the Court will dismiss the § 1983 claim without prejudice and remand the case to the D.C. Superior Court for adjudication of what remains. See Jones v. D.C. Water & Sewer Auth., 922 F. Supp. 2d 37, 43 (D.D.C. 2013).

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: July 18, 2014